ACCEPTED
05-18-01160-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
11/28/2018 3:17 PM
LISA MATZ
CLERK

No. 05-18-01160-CV

<table>
<tr><td>

**IN THE FIFTH COURT OF APPEALS
FOR THE FIFTH DISTRICT OF TEXAS
AT DALLAS**

</td><td>

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS

11/28/2018 3:17:13 PM

LISA MATZ
Clerk

</td></tr>
</table>

*Richard Gehrke and Pacific Companies, Inc.,*

**Appellants,**

**v.**

*Merritt Hawkins and Associates, LLC,*

**Appellee.**

## APPELLANTS' REPONSE TO APPELLEE'S EMERGENCY MOTION TO ENFORCE

John Barber (Motion for Admission *Pro Hac Vice* Pending)
Elisaveta Dolghih
State Bar Number: 24043355
Jason A. Powers
State Bar Number: 24027745
**LEWIS, BRISBOIS, BISGAARD & SMITH, LLP**
2100 Ross Ave., Suite 2000
Dallas, Texas 75201
Telephone: (214) 722-7108
Facsimile: (214) 722-7111
John.Barber@lewisbrisbois.com
Leiza.Dolghih@lewisbrisbois.com
Jason.Powers@lewisbrisbois.com

**ATTORNEYS FOR APPELLANTS**

1

COME NOW, Appellants, Richard Gehrke ("Gehrke") and Pacific Companies, Inc. ("Pacific") and file this Response to Appellee's Emergency Motion to Enforce and will respectfully show this Honorable Court the following:

## I.     OBJECTIONS TO THE DECLARATION OF TRAVIS SINGLETON

1.     Appellants object to paragraph 9. This information is hearsay. There is no foundation as to how Singleton gained this knowledge since he does not testify that he personally attended the conference.

2.     Appellants object to paragraph 15. This information is hearsay. There is no foundation as to how Singleton gained this knowledge since he does not testify that he personally attended the conference.

3.     Appellants object to paragraph 22. This information is hearsay. There is no foundation as to how Singleton gained this knowledge since he does not testify that he personally attended the conference.

4.     Appellants object to paragraph 23. This information is hearsay. There is no foundation as to how Singleton gained this knowledge since he does not testify that he personally attended the conference.

5.     Appellants object to paragraph 24. This information is hearsay. There is no foundation as to how Singleton gained this knowledge since he does not testify that he personally attended the conference.

6.     Appellants object to paragraph 25. This information is hearsay. There is no foundation as to how Singleton gained this knowledge since he does not testify that he personally attended the conference.

7. Appellants object to paragraph 26. This information is hearsay. There is no foundation as to how Singleton gained this knowledge since he does not testify that he personally attended the conference.

8. Appellants object to paragraph 27. This information is hearsay and speculation. There is no foundation as to how Singleton gained this knowledge since he does not testify that he personally attended the conference. Further, there is no foundation and pure speculation that the "conferences require attendees to network" or that the "attendees walk among the vendor booths 3-4 times a day".

9. Appellants object to paragraph 29. This information is a mischaracterization of the prohibitions under the Temporary Injunction. Gehrke solicits healthcare facilities for searches for physicians. While at Merritt Hawkins, he solicited only for permanent placement of physicians. Once the healthcare organization contracts with Pacific Companies for the search, then the client is handed off to a recruiter to find a doctor suitable for the position. This video was shared by Gehrke and seeks a gastroenterologist for a search contract that Pacific had pre-dating the Temporary Restraining Order. It is not soliciting a healthcare organization. The video is located at https://www.youtube.com/watch?v=4cGfUvYRPWA. It is soliciting a doctor for an existing search, something that is not prohibited.

II.     **RESPONSE TO APPELLEE'S EMERGENCY MOTION TO ENFORCE**

A. **Attendance of industry conferences does not violate temporary injunction and there is no emergency as Gehrke's attendance happened several weeks ago.**

10. Appellee files its motion seeking this Court to instruct the trial court to hear its Motion to Enforce a temporary injunction. Appellee's Motion is baseless.

11. Appellee complains that Gehrke's attendance of 3 industry conferences that the hospitals that he is prohibited from soliciting also allegedly attended is a violation of the Temporary Injunction.

12. The Missouri Primary Care Association Conference (MPCA) was held on October 25-28, 2018 and had 347 registered attendees. Appellee contends there were 15 prohibited customers at the conference.

13. Appellee does not point to any evidence that (a) the 15 prohibited customers actually attended the conference; (b) that Rich Gehrke or anyone from Pacific spoke to them; (c) that Rich Gehrke solicited or attempted to solicit these customers for permanent placement of physicians; or (d) that there was any interaction among the prohibited customers and Rich Gehrke whatsoever.

14. This conference was held over one month ago.

15. The Missouri Hospital Association's Annual Conference (MHA) was held on November 8-9, 2018 and had 1042 registered attendees. Appellee contends there were 15 prohibited customers at the conference.

16. Appellee does not point to on instance where (a) the 15 prohibited customers actually attended the conference; (b) that Rich Gehrke or anyone from Pacific spoke to them; (c) that Rich Gehrke solicited or attempted to solicit these customers for permanent placement of physicians; and (d) that there was any interaction among the prohibited customers and Rich Gehrke whatsoever.

17. This conference was held 14 days before Appellees filed this emergency request.

18. The Illinois Staff Physician Recruiters Conference (ISPR) was held on November 14-16. There were 65 registered attendees. Appellee contends 2 prohibited customers attended the conference.

19.     Appellee does not point to on instance where (a) the 2 prohibited customers actually attended the conference; (b) that Rich Gehrke or anyone from Pacific spoke to them; (c) that Rich Gehrke solicited or attempted to solicit these customers for permanent placement of physicians; and (d) that there was any interaction among the prohibited customers and Rich Gehrke whatsoever.

20.     This conference was held 6 days before Appellee filed this emergency motion.

21.     Appellee has made these same allegations in its Motion to Leave to Supplement filed in the trial court on November 19, 2018.

22.     Appellee's Motion is far from an emergency and based solely on speculation and a misconstruing of the Temporary Injunction. There is not one scintilla of evidence showing that Gehrke or Pacific Companies, Inc. solicited any prohibited employees for permanent placement.

23.     Further, Appellee misrepresents the scope of the Temporary Injunction. Appellee states that "The TI Order is clear that Gehrke may not solicit customers on the Prohibited Customer List for any type of physician recruitment activity, whether it is for locum tenens or permanent physician placement." *¶ 21 of Appellee's Motion.* In fact, the temporary injunction does not prohibit *locum tenens* solicitation, i.e. temporary placement.

24.     In fact, it would be impossible for the Court to prohibit locum tenens solicitation by Gehrke since locum tenens is not handled by Merritt Hawkins, but is handled by a separate company – Staff Care. Therefore, there never was any prohibition from Gehrke soliciting *locum tenens* after he left Merritt Hawkins.

**B. Posting of a YouTube recruiting advertisement on LinkedIn does not violate the temporary injunction and there is no emergency as the video was originally posted on October 1, 2018.**

25.     Appellee attempts to further expand the Temporary Injunction by asserting that Gehrke is prohibited from sharing a video advertising a physician position opening. However, this

video is not solicitation of hospital organizations. It is an advertisement of an existing job opening at a hospital.

26.     While at Merritt Hawkins, Gehrke solicited hospitals only for permanent placement of physicians.  At Pacific, he solicits hospitals for both permanent placements and *locum tenens* placement.  Gehrke's job is to solicit healthcare organizations that are looking for physicians.  He is not a recruiter – a person who actively looks for candidates to fill an open physician position at a hospital.  Indeed, Gehrke has never been a recruiter and physician recruiting is outside Gehrke's wheelhouse. The video that Gehrke shared seeks a gastroenterologist for a pre-existing search contract that Pacific had pre-dating the Temporary Restraining Order. It is not a solicitation of a healthcare organization.  Furthermore, the video was posted on YouTube on October 1, 2018 at https://www.youtube.com/watch?v=4cGfUvYRPWA.  It is a general advertisement soliciting a doctor for an existing physician search – something that is not prohibited by the temporary injunction order.

27.     There is no evidence that Appellants have violated the Temporary Injunction. Simply attending a conference where hundreds of non-prohibited potential customers attend is not prohibited by the Temporary Injunction. Appellee's interpretation is that Rich Gehrke could not attend any conference, in the world, in which a prohibited customer is also a registered attendee. That is unreasonable and is a misinterpretation and misrepresentation of the prohibitions set forth in the Temporary Injunction.

### III.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellants pray that this Honorable Court deny Appellee's Emergency Motion to Enforce.

Respectfully Submitted:



_____

John Barber (Motion for Admission *Pro Hac Vice* Pending)
Elisaveta Dolghih
State Bar Number: 24043355
Jason A. Powers
State Bar Number: 24027745
**LEWIS, BRISBOIS, BISGAARD & SMITH, LLP**
2100 Ross Ave., Suite 2000
Dallas, Texas 75201
Telephone: (214) 722-7108
Facsimile: (214) 722-7111
John.Barber@lewisbrisbois.com
Leiza.Dolghih@lewisbrisbois.com
Jason.Powers@lewisbrisbois.com

## CERTIFICATE OF SERVICE

This shall verify a true and correct copy of the above and foregoing document has been provided to the following counsel of record on this the November 28, 2018.

John C. C. Sanders, Jr.
Thomas M. Melsheimer
Hayden L. Duffy
WINSTON & STRAWN, LLP
2121 N. Pearl Street, Suite 900
Dallas, Texas 75201
jsanders@winston.com
tmelsheimer@winston.com
hduffy@winston.com

_____
Jason A. Powers

4822-0945-7793.1

7